UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH J. PONTHIEUX, et al., | No. 2:18-cv-0608 JAM DB PS |
| Plaintiffs, | |
| v. | ORDER |
| NATIONSTAR MORTGAGE, LLC; AZTEC FORECLOSURE CORPORATION, | |
| Defendants. | |

Plaintiffs, Keith J. Ponthieux, Chris Duenas, and Maria Duenas, are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Plaintiffs commenced this action on March 21, 2018, by filing a complaint and paying the required filing fee. (ECF No. 1.) On April 11, 2018, plaintiffs filed an ex parte application for a temporary restraining order and preliminary injunction. (ECF No. 5.) Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ("Rules"), on May 14, 2018. (ECF No. 8.) Defendants' motion is noticed for hearing before the undersigned on June 15, 2018.

However, on June 4, 2018, plaintiffs filed an amended complaint. (ECF No. 10.) Under Rule 15, a party "may amend its pleading once as a matter of course" if they do so "21 days after

1

service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). Defendants' May 14, 2018 motion to dismiss plaintiffs' original complaint has, therefore, been rendered moot.

Moreover, with respect to plaintiffs' motion for a temporary restraining order, the legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id. Moreover, the court will not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 231.

Here, plaintiffs' application was based on the claims asserted in plaintiffs' original complaint. Moreover, plaintiffs' application was filed on April 11, 2018, and sought an order enjoining a trustee sale to be held the following day on April 12, 2018. (ECF No. 5 at 3.) There was simply no way for the court to receive plaintiffs' filing, evaluate the merits of the filing, and issue an order or findings and recommendations in less than one day. Accordingly, plaintiffs' application will be denied without prejudice to renewal. If plaintiffs elect to file a new application, plaintiffs shall ensure compliance with Local Rule 231.

////
////
////
////

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' April 11, 2018 motion for a temporary restraining order (ECF No. 5) is denied without prejudice to renewal;

2. Defendants' May 14, 2018 motion to dismiss the original complaint (ECF No. 8) is denied without prejudice as having been rendered moot; and

3. The June 15, 2018 hearing of defendants' motion to dismiss is vacated.

Dated: June 11, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ponthieux0608.am.compl.ord