UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH J. PONTHIEUX, et al., | No. 2:18-cv-0608 JAM DB PS |
| Plaintiffs, | |
| v. | ORDER |
| NATIONSTAR MORTGAGE, LLC; AZTEC FORECLOSURE CORPORATION, | |
| Defendants. | |

Plaintiffs, Keith J. Ponthieux, Chris Duenas, and Maria Duenas, are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant Nationstar Mortgage LLC's motion to dismiss plaintiffs' amended complaint.[1] For the reasons stated below, the motion to dismiss is granted and plaintiffs are granted leave to file a second amended complaint.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on March 21, 2018, by filing a complaint and paying the required filing fee. (ECF No. 1.) On June 4, 2018, plaintiffs filed an

---

[1] Defendant Aztec Foreclosure Corporation has joined in defendant Nationstar's motion to dismiss. (ECF No. 22.)

1

amended complaint.  (ECF No. 10.)  Therein, plaintiffs allege that on September 18, 2006, plaintiffs Chris Duenas and Maria Duenas "entered into a consumer loan transaction" with Countrywide Bank to purchase real property located in Benicia, CA.  (Am. Compl. (ECF No. 10) at 6-7.[2])

In the fall of 2009, Chris and Maria Duenas fell behind on their payment obligation.  (Id. at 7.)  "Plaintiffs last made a payment in November of 2009[.]"  (Id.)  On October 28, 2011, Mortgage Electronic Registration Systems, Inc., executed an assignment of the Deed of Trust to Bank of New York Mellon.  (Id. at 8.)  On July 29, 2013, an assignment of Deed of Trust "was executed by Bank of America" and not Bank of New York Mellon.  (Id.)  This assignment transferred all interest in the Deed of Trust to defendant Nationstar Mortgage, LLC.  (Id.)

On December 24, 2013, Chris and Maria Duenas, "quit claimed their interest" to plaintiff Keith Ponthieux, the father of plaintiff Maria Duenas.  (Id. at 7-8.)  "Effective April 4, 2014, defendant NATIONSTAR acquired the servicing rights to Plaintiffs' debt obligation."  (Id. at 9.)  On December 21, 2017, "[d]efendants . . . recorded . . . a Substitution of Trustee . . . that attempted to substitute the foreclosing trustee from the original trustee to Defendant AZTEC." (Id.)  That same day, defendants "executed and caused to be recorded a Notice of Default" due to plaintiffs' "failure to make a payment on the debt obligation[.]"  (Id. at 10.)  According to the amended complaint, defendants do not "have the legal right and authority to proceed with a nonjudicial action against Plaintiffs' property."  (Id.)

Pursuant to these allegations, the amended complaint alleges causes of action for violation of the Fair Debt Collections Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collections Practices Act, California Civil Code §§ 2924(a)(6), 2924.17, 2934a(a)(1)(A)(C)(D), California Business and Professions Code § 17200, *et seq*., and for the intentional infliction of emotional distress.  (Id. at 12-26.)

Defendant Nationstar Mortgage LLC, ("Nationstar"), filed the pending motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 9, 2018.  (ECF No.

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

20.) Defendant Aztec Foreclosure Corporation, ("Aztec"), joined in Nationstar's motion to dismiss on August 15, 2018. (ECF No. 22.) Plaintiffs filed an opposition on August 24, 2018, and a notice of errata on August 20, 2018. (ECF Nos. 24 & 28.) Defendant Nationstar filed a reply on August 28, 2018. (ECF No. 26.) The motion was taken under submission on September 5, 2018. (ECF No. 29.)

**STANDARD**

**I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

Plaintiffs' amended complaint asserts that the court has federal question jurisdiction over this action. (Am. Compl. (ECF No. 10) at 3.) The only federal claim asserted in plaintiffs' amended complaint is the claim that the defendants violated 15 U.S.C. § 1692(f) of the Fair Debt Collection Practices Act, ("FDCPA"). (Id. at 12.) To state an unlawful debt collection claim under the FDCPA the complaint "must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Dang v. CitiMortgage, Inc., No. 5:11-cv-05036 EJD, 2012 WL 762329, at *3 (N.D. Cal. Mar. 7, 2012).

Defendants' motion to dismiss asserts that the "definition of a 'debt collector' does not encompass a lender collecting debts purchased for its own account, nor does it apply to a mortgage servicer acting on the lender's behalf." (Defs.' MTD (ECF No. 20) at 17.) Although it is true that most provisions of the FDCPA do not apply to "entities enforcing security interests . . . . the Ninth Circuit [has] recognized that, for the purposes of section 1692f(6), the FDCPA's protections run broader[.]" Dejong v. Nationstar Mortgage LLC, Case No. 17-cv-3653 YGR, 2017 WL 3968539, at *3 (N.D. Cal. Sept. 7, 2017).

////
////

4

Specifically, 15 U.S.C. § 1692f(6) prohibits:

> [t]aking or threatening to take <u>any nonjudicial action to effect dispossession or disablement of property</u> if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

(Id.) (emphasis added). Thus, § 1692f(6) "regulates nonjudicial foreclosure activity." <u>Dowers v. Nationstar Mortgage, LLC</u>, 852 F.3d 964, 971 (9th Cir. 2017); <u>see</u> also <u>Petrovich v. Ocwen Loan Servicing, LLC</u>, 716 Fed. Appx. 614, 617 (9th Cir. 2017) ("Section 1692f(6) of the FDCPA does regulate nonjudicial foreclosure activity"); <u>Vien–Phuong Thi Ho v. ReconTrust Company, NA</u>, 858 F.3d 568, 573 (9th Cir. 2017) ("section 1692f(6) would protect a consumer against the abusive practices of a security enforcer who does not fit the broader definition of a debt collector"); <u>Yadav-Ranjan v. Rushmore Loan Management Services, LLC</u>, Case No. 17-cv-3939 NC, 2018 WL 3328499, at *7 (N.D. Cal. July 6, 2018) ("Section 1692f(6) does apply to security enforcers in the non-judicial mortgage foreclosure context.").

"Here, Plaintiffs alleged that Nationstar threatened to take non-judicial action to dispossess Plaintiffs of their home without a legal ability to do so. Such conduct is exactly what Section 1692f(6) protects borrowers against." <u>Dowers</u>, 852 F.3d at 971. Plaintiffs, however, must also allege sufficient facts to show that the defendants are debt collectors. The amended complaint simply alleges vague and boilerplate allegations that the defendants are debt collectors.[3] See <u>Diaz v. Nationstar Mortgage LLC</u>, Case No. 17cv1607 MMA (BGS), 2018 WL 1071699, at *8 (S.D. Cal. Feb. 27, 2018) ("Plaintiff does not explain how Nationstar's primary purpose is security interest enforcement beyond the boilerplate allegation that "NATIONSTAR is a mortgage servicing entity whose primary business is collecting debts owed or due another and enforcing security interests.").

---

[3] It appears plaintiffs are arguing that defendant Nationstar is a debt collector because Nationstar "acquired the mortgage servicing of Plaintiffs' consumer credit transaction . . . when the debt was in default[.]" (Am. Compl. (ECF No. 10) at 11.) Plaintiffs are advised that some district courts have rejected that argument. See <u>Mohanna v. Carrington Mortgage Services LLC</u>, Case No. 18-cv-2563 WHO, 2018 WL 3730419, at *5 (N.D. Cal. Aug. 6, 2018); <u>Dejong v. Nationstar Mortgage LLC</u>, Case No. 17-cv-3653 YGR, 2017 WL 3968539, at *3 (N.D. Cal. Sept. 7, 2017).

5

Accordingly, plaintiffs' amended complaint fails to state a claim under 15 U.S.C. § 1692(f)(6). See Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678) ("complaint must plead 'factual content that allows the court to draw the reasonable inference' that Wells Fargo is a debt collector").

**LEAVE TO AMEND**

For the reasons stated above, defendants' motion to dismiss will be granted.[4] The undersigned has carefully considered whether plaintiffs could further amend the complaint to state a claim upon which relief could be granted and over which the court would have original jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the vague and conclusory nature of the amended complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiffs' amended complaint will therefore be dismissed, and plaintiffs will be granted leave to file a second amended complaint. Plaintiffs are cautioned, however, that if plaintiffs elect to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

---

[4] The amended complaint's remaining claims are state law causes of action. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Absent a claim over which the court would have original jurisdiction, the undersigned would recommend that the assigned District Judge decline to exercise supplemental jurisdiction over any state law claims. Accordingly, the undersigned will not address plaintiffs' state law causes of action at this time.

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint, just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' August 9, 2018 motion to dismiss (ECF No. 20) is granted;

2. The amended complaint filed on June 4, 2018 (ECF No. 10) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[5] The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint"; and

4. Plaintiffs are cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: January 28, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ponthieux0608.mtd.ord

---

[5] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.