UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH J. PONTHIEUX, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC; AZTEC FORECLOSURE CORPORATION,<br><br>Defendants. | No. 2:18-cv-0608 JAM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs, Keith J. Ponthieux, Chris Duenas, and Maria Duenas, are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant Nationstar Mortgage, LLC's motion to dismiss plaintiffs' second amended complaint.[1] (ECF No. 47.) For the reasons stated below, the undersigned will recommend that the motion to dismiss be granted in part and this action be closed.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on March 21, 2018, by filing a complaint and paying the required filing fee. (ECF No. 1.) Plaintiffs are proceeding on a second

---

[1] Defendant Aztec Foreclosure Corporation has joined in defendant Nationstar's motion to dismiss. (ECF No. 38.)

1

amended complaint filed on February 22, 2019. (ECF No. 32.) Therein, plaintiffs allege that on September 18, 2006, plaintiffs Chris Duenas and Maria Duenas "entered into a consumer loan transaction" with Countrywide Bank to purchase real property located in Benicia, CA. (Sec. Am. Compl. (ECF No. 32) at 7-8.[2])

In the fall of 2009, "financial hardship" caused plaintiffs Chris and Maria Duenas to "fall behind" on their payment obligation. (Id. at 8.) "Plaintiffs last made a payment in November of 2009[.]" (Id.) On October 28, 2011, Mortgage Electronic Registration Systems, Inc., executed an assignment of the real property's Deed of Trust to Bank of New York Mellon. (Id. at 8-9.) On July 29, 2013, an assignment of Deed of Trust "was executed by Bank of America" and not Bank of New York Mellon. (Id. at 9.) This assignment transferred all "interest in the Deed of Trust, but not the Note," to defendant Nationstar Mortgage, LLC ("Nationstar"). (Id.)

On December 24, 2013, Chris and Maria Duenas, "quit claimed their interest" in the property to plaintiff Keith Ponthieux. (Id. 8.) "Effective April 4, 2014, defendant NATIONSTAR purportedly acquired the servicing rights to Plaintiffs' debt obligation." (Id. at 10.) On December 21, 2017, "[d]efendants . . . recorded . . . a Substitution of Trustee . . . that attempted to substitute Defendant AZTEC as the new 'foreclosing trustee.'" (Id.) That same day, defendants "executed and caused to be recorded a Notice of Default" due to plaintiffs' "failure to make a payment on the debt obligation[.]" (Id. at 12.) According to the second amended complaint defendants "are attempting to collect a consumer credit transaction that was not validly assigned to them." (Id. at 10.)

Pursuant to these allegations, the second amended complaint alleges causes of action for violation of the Fair Debt Collections Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collections Practices Act, California Civil Code §§ 2924(a)(6), 2924.17, 2934a(a)(1)(A)(C)(D), California Business and Professions Code § 17200, *et seq*., and for the intentional infliction of emotional distress. (Id. at 14-29.) Defendant Nationstar filed the pending motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on March 8, 2019. (ECF No.

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

36.) Defendant Aztec Foreclosure Corporation, ("Aztec"), joined in Nationstar's motion to dismiss on March 15, 2019. (ECF No. 38.)

Plaintiffs failed to file a timely opposition. Accordingly, an order to show cause issued on May 10, 2019, providing plaintiffs a final opportunity to oppose the motion to dismiss. (ECF No. 40.) Plaintiffs filed an opposition on May 23, 2019. (ECF No. 42.) Defendant Nationstar filed a reply on June 4, 2019. (ECF No. 45.) The motion was taken under submission on June 7, 2019. (ECF No. 47.)

## STANDARD

### I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I. Fair Debt Collection Practices Act

The second amended complaint's first cause of action asserts that the defendants violated 15 U.S.C. § 1692(f)(6) of the FDCPA. (Sec. Am. Compl. (ECF No. 32) at 14.) To state an unlawful debt collection claim under the FDCPA the complaint "must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Dang v. CitiMortgage, Inc., No. 5:11-cv-05036 EJD, 2012 WL 762329, at *3 (N.D. Cal. Mar. 7, 2012).

"[B]ut for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." Obduskey v. McCarthy & Holthus LLP, 139 S.Ct. 1029, 1038 (2019). In this regard, 15 U.S.C. § 1692f(6) prohibits:

> [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

4

(Id.) Thus, § 1692f(6) "regulates nonjudicial foreclosure activity." Dowers v. Nationstar Mortgage, LLC, 852 F.3d 964, 971 (9th Cir. 2017); see also Petrovich v. Ocwen Loan Servicing, LLC, 716 Fed. Appx. 614, 617 (9th Cir. 2017) ("Section 1692f(6) of the FDCPA does regulate nonjudicial foreclosure activity"); Vien–Phuong Thi Ho v. ReconTrust Company, NA, 858 F.3d 568, 573 (9th Cir. 2017) ("section 1692f(6) would protect a consumer against the abusive practices of a security enforcer who does not fit the broader definition of a debt collector").

Here, the second amended complaint fails to establish that either defendant is a debt collector beyond the assertion of vague and boilerplate allegations. See Diaz v. Nationstar Mortgage LLC, Case No. 17cv1607 MMA (BGS), 2018 WL 1071699, at *8 (S.D. Cal. Feb. 27, 2018) ("Plaintiff does not explain how Nationstar's primary purpose is security interest enforcement beyond the boilerplate allegation that 'NATIONSTAR is a mortgage servicing entity whose primary business is collecting debts owed or due another and enforcing security interests.'").

Moreover, the second amended complaint asserts in only a vague and conclusory manner that the defendants "conduct qualifies as: abusive and oppressive conduct" without describing any such abusive or oppressive conduct engaged by either defendant. (Sec. Am. Compl. (ECF No. 32) at 15.) Additionally, the second amended complaint fails to allege a basis for the assertion that the defendants lack the legal ability to dispose plaintiffs of their property.

The second amended complaint does allege that the defendants acquired a "beneficial interest" in plaintiffs' property "after Plaintiffs' debt was in default." (Id. at 16.) Such allegations may go towards establishing that a defendant is a debt collector. See Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718, 1724 (U.S. 2017) ("For while the statute surely excludes from the debt collector definition certain persons who acquire a debt before default, it doesn't necessarily follow that the definition must include anyone who regularly collects debts acquired after default."). "However, '[e]ven if a defendant qualifies as a debt collector, liability will not lie unless the defendant engages in activities prohibited by the FDCPA.'" Fitzgerald v. Bosco Credit, LLC, Case No. 16-cv-1473 MEJ, 2016 WL 3844333, at *5 (N.D. Cal. July 15, 2016) (quoting Warwick v. Bank of New York Mellon, Case No. CV 15-3343 SS, 2016 WL

2997166, at *17 (C.D. Cal. May 23, 2016)).  See generally Mohanna v. Carrington Mortgage Services LLC, Case No. 18-cv-2563 WHO, 2018 WL 3730419, at *5 (N.D. Cal. Aug. 6, 2018) ("The only ground on which Mohanna argues that defendants lacked the right to possession and to foreclose is that the debt and servicing rights were transferred to defendants after the debt was in default, allegedly making defendants debt collectors and not creditors.  That argument has been rejected by another judge in this District.").

Here, the second amended complaint fails to allege how either defendant violated the FDCPA with any particularity.  See Diaz v. Nationstar Mortgage LLC, Case No.: 17cv1607-MMA (BGS), 2018 WL 1071699, at *8 (S.D. Cal. Feb. 27, 2018) ("Plaintiff fails to allege facts explaining how Nationstar's conduct is oppressive, fraudulent, or malicious.  As such, Plaintiff's allegations are insufficient to state a claim pursuant to 15 U.S.C. § 1692f(6)."); Arias v. Select Portfolio Servicing, Inc., No. 1:17-CV-1130 DAD SAB, 2017 WL 6447890, at *7 (E.D. Cal. Dec. 18, 2017) ("Plaintiff provides no factual allegations indicating that defendants lack the right to possess the property or the present intention to possess the property.  Moreover, plaintiff alleges no facts explaining how defendants' conduct is oppressive, fraudulent, or malicious, and the complaint otherwise parrots the language from the statute.").  Compare Shelton v. Ocwen Loan Servicing, LLC, Case No.: 18-cv-2467 AJB WVG, 2019 WL 4747669, at *14 (S.D. Cal. Sept. 30, 2019) (finding allegations plaintiffs "settled and extinguished the underlying debt and the Loan . . . . sufficient to state a plausible violation under section 1692f of the FDCPA.").

As noted above, the second amended complaint does allege that the defendants "are attempting to collect a consumer credit transaction that was not validly assigned to them."  (Sec. Am. Compl. (ECF No. 32) at 10.)  This argument seems to be premised on the fact that an Assignment of Deed of Trust from Mortgage Electronic Registration Systems, Inc., to Bank of New York Mellon was recorded on November 8, 2011.  (Defs.' RJN (ECF No. 37-2) at 30.[3])  Then on August 15, 2013, another Assignment of Deed of Trust was recorded related to the

---

[3] "Judicial notice is appropriate for records and 'reports of administrative bodies.'" United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir.1954)).

6

subject property. (Sec. Am. Compl. (ECF No. 32) at 57.) This assignment, however, was from Bank of America, N.A., to defendant Nationstar. (Id.) Defendants do not explain why Bank of America completed this assignment and not Bank of New York.

Nonetheless, the parties do not dispute that on April 4, 2014, defendant Nationstar "acquired the mortgage servicing rights to Plaintiffs' debt obligation[.]" (Sec. Am. Compl. (ECF No. 32) at 10, 59, 62; Defs.' MTD (ECF No. 36) at 11.) And a December 21, 2017, Substitution of Trustee executed by "Nationstar Mortgage LLC d/b/a Mr. Copper, attorney-in-fact for The Bank of New York Mellon," reflects defendant Nationstar as the "Servicing Agent[.]" (Sec. Am. Compl. (ECF No. 32) at 62.) When Nationstar was assigned as plaintiffs' loan servicer, "that assignment simultaneously gave the servicer possession of the note" meaning that Nationstar "did not threaten nonjudicial actions without a right of possession." Manos v. MTC Financial, Inc., Case No.: SACV 16-1142 CJC (KESx), 2017 WL 8240692, at *4 (C.D. Cal. Sept. 28, 2017). Moreover, "a borrower such as Plaintiff cannot challenge the propriety of a nonjudicial foreclosure absent well-pleaded allegations that the transfer of the note and deed of trust was void as a matter of law rather than merely voidable." Turner v. Bayview Loan Servicing, LLC, Case No. CV 17-7521 PA (RAOx), 2018 WL 5086374, at *2 (C.D. Cal. Apr. 18, 2018). Here, the second amended complaint fails to provide well-pleaded allegations establishing that the defendants lack the authority to foreclose or establishing that any assignment was void.

Accordingly, for the reasons stated above, the undersigned finds that defendants' motion to dismiss the second amended complaint's FDCPA claim should be granted.

**II.      Leave to Amend**

The undersigned has carefully considered whether plaintiffs could further amend the second amended complaint's FDCPA claim to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, plaintiffs have twice previously attempted to amend this claim. Despite repeated attempts, plaintiffs have been unsuccessful. Accordingly, the undersigned finds that granting plaintiffs further leave to amend would be futile.

### III. Supplemental Jurisdiction

If these findings and recommendations are adopted the court will dismiss the sole claim over which it has original jurisdiction and only state law claims will remain. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)); see also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will also recommend that the assigned District Judge decline to exercise supplemental jurisdiction over the complaint's state law claims.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' March 8, 2019 motion to dismiss (ECF No. 36) be granted in part;

2. The second amended complaint's FDCPA cause of action be dismissed without leave to amend;

8

3. The court decline to exercise supplemental jurisdiction over the second amended complaint's state law causes of action;

4. The second amended complaint's state law claims be dismissed without prejudice; and

5. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 21, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ponthieux0608.mtd.f&rs