UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KEITH J. PONTHIEUX, et al., | No. 2:18-cv-0608 JAM DB PS |
|---|---|
| Plaintiffs, | |
| v. | ORDER |
| NATIONSTAR MORTGAGE, LLC; AZTEC FORECLOSURE CORPORATION, | |
| Defendants. | |

Plaintiffs, Keith J. Ponthieux, Chris Duenas, and Maria Duenas, are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On January 21, 2020, the undersigned issued findings and recommendations recommending that defendants' motion to dismiss be granted in part. (ECF No. 48.)

In recommending dismissal of plaintiffs' claim under the Fair Debt Collection Practices Act, the undersigned relied on the second amended complaint's acknowledgment that defendant Nationstar "purportedly acquired the mortgage servicing rights to Plaintiffs' debt obligation[.]" (Sec. Am. Compl. (ECF No. 32) at 10; F&Rs (ECF No. 48) at 7.) The undersigned interpreted plaintiffs' use of "purportedly" to mean that it appeared to be, or was, true.

////

1

However, on February 4, 2020, plaintiffs filed objections. Therein, plaintiffs explain that their use of "purportedly" intended to convey that defendant did not acquire the mortgage servicing rights to plaintiffs' debt obligation.[1] (ECF No. 51.) Defendants elected to not file any reply to plaintiffs' objections.

In light of plaintiffs' representations, the undersigned will vacate the January 21, 2020 findings and recommendations and grant plaintiffs' further leave to amend one final time. Again, plaintiffs are cautioned that if plaintiffs elect to file a third amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The third amended complaint will supersede the second amended complaint, just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a third amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

////

////

---

[1] In the future, if plaintiffs' intention is to state something categorically did not happen or is untrue plaintiffs should clearly and unambiguously state as much.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The January 21, 2020 findings and recommendations (ECF No. 48) are vacated;

2. Defendants' March 8, 2019 motion to dismiss (ECF No. 36) is denied without prejudice as having been rendered moot;

3. The second amended complaint filed on February 22, 2019 (ECF No. 32) is dismissed with leave to amend;

4. Within twenty-eight days from the date of this order, a third amended complaint shall be filed that cures the defects noted in the January 21, 2020 findings and recommendations and this order, and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The third amended complaint shall not exceed 25 pages, must bear the case number assigned to this action, and must be titled "Third Amended Complaint"; and

5. Plaintiffs are cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: March 10, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ponthieux0608.vac.lta

---

[2] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

3