UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH J. PONTHIEUX, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC;<br>AZTEC FORECLOSURE<br>CORPORATION,<br><br>Defendants. | No. 2:18-cv-0608 JAM DB PS |

## **STATUS & PRETRIAL SCHEDULING ORDER**

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in this action on May 21, 2021, at 10:00 a.m. before the undersigned.[1] Plaintiff Keith J. Ponthieux appeared

---
[1] Plaintiffs are proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

telephonically on his own behalf.  Attorney Katalina Baumann appeared via Zoom on behalf defendant Nationstar Mortgage LLC.  Attorney Edward Weber appeared on behalf of defendant Aztec Foreclosure Corporation.  There was no appearance by, or on behalf of, plaintiff Chris Duenas or plaintiff Maria Duenas.[2]  After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

Service of process has been completed.  No further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

**JURISDICTION/VENUE**

Jurisdiction over this action is predicated on the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Defendants do not dispute either jurisdiction or venue and both appear to be proper.

**DISCOVERY**

The parties shall make initial disclosures under Federal Rule of Civil Procedure 26 no later than 28 days from the date of the May 21, 2021 hearing.  Plaintiffs shall disclose experts no later than **November 19, 2021**.  Defendants shall disclose experts no later than **December 3, 2021**.  Rebuttal experts shall be disclosed no later than **December 17, 2021**.  All discovery is left open, save and except that it shall be so conducted as to be completed by **January 14, 2022**.  The

---

[2] Plaintiffs Chris Duenas and Maria Duenas are advised that the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties.  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.")  And plaintiffs were specifically cautioned that the failure to appear at the status conference may result in an order imposing an appropriate sanction.  (ECF No. 69 at 2.)  In this regard, plaintiffs Chis Duenas and Maria Duenas are advised that the failure to appear at a future hearing will result in the imposition of appropriate sanctions—which may include monetary sanctions and/or dismissal from this action—absent good cause shown.

2

word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

**MOTION HEARING SCHEDULE**

All law and motion, except as to discovery, is left open, save and except that it shall be conducted so as to be completed by **March 4, 2022**. The word "completed" in this context means that all law and motion matters must be heard by the above date. The parties are cautioned to refer to the local rules, specifically Local Rule 230, regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. **The parties shall file with the court and serve opposition OR a statement of non-opposition to every properly noticed motion not later than fourteen (14) days preceding the hearing date. Any reply by the moving party shall be filed with the court and served not later than seven (7) days preceding the hearing date.** This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. THE PARTIES ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

////

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is set for **April 29, 2022, at 11:00 a.m.** in courtroom no. 6 before the Honorable John A. Mendez. Trial counsel shall appear at the Final Pretrial Conference.

The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing Pretrial Statements. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 281, which contemplates the filing of separate Pretrial Statements by plaintiff and defendant, the parties are to prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case. The undisputed facts and disputed factual issues are to be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise <u>issues</u> that will be litigated at trial. <u>The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.</u> However, with respect to the listing of <u>un</u>disputed facts, the court will accept agreements as to evidentiary facts. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiffs' Pretrial Statement. If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter

for what purpose.  These lists shall not be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.  Plaintiffs' exhibits shall be listed numerically; defendants' exhibits shall be listed alphabetically.  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

A jury trial is set on **June 27, 2022, at 9:00 a.m.** in courtroom no. 6 before the Honorable John A. Mendez and is estimated to last three days.

**SETTLEMENT CONFERENCE**

An early settlement conference is set for **July 27, 2021, at 09:00 a.m.** in Courtroom No. 25 before Magistrate Judge Kendall J. Newman.  The Settlement Conference will take place by remote means (Zoom).  The parties will receive instructions closer to the hearing date on how to appear for the Settlement Conference.  The parties are instructed to have a principal with full settlement authority present for the settlement conference or to be fully authorized to settle the matter on any terms.  The individual with full settlement authority to settle must also have unfettered discretion and authority to change the settlement position of the party, if appropriate.  The purpose behind requiring attendance of a person with full settlement authority is that the parties view of the case may be altered during the face to face conference.  An authorization to

settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. The parties are directed to exchange non-confidential settlement conference statements seven days prior to the settlement conference. These statements shall be simultaneously delivered to the Court using the following email address: kjnorders@caed.uscourts.gov. These statements should not be filed on the case docket. If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

**MISCELLANEOUS PROVISIONS**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. Initial disclosures shall be made no later than 28 days from May 21, 2021.
2. An early settlement conference is set for **July 27, 2021, at 09:00 a.m.** in Courtroom No. 25 before Magistrate Judge Kendall J. Newman.
3. Plaintiffs shall disclose experts no later than **November 19, 2021**.
4. Defendants shall disclose experts no later **December 3, 2021.**
5. Rebuttal experts shall be disclosed no later than **December 17, 2021**.
6. Discovery shall be completed by **January 14, 2022**.
7. All pretrial motions, except motions to compel discovery, shall be completed by **March 4, 2022**.
8. Final pretrial conference is set for **April 29, 2022, at 11:00 a.m.** in courtroom no. 6 before the Honorable John A. Mendez.

////

////

////

////

9. A jury trial is set for **June 27, 2022, at 9:00 a.m.** in courtroom no. 6 before the Honorable John A. Mendez.

Dated: May 24, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ponthieux0608.sched.ord