UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH J. PONTHIEUX, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC; AZTEC FORECLOSURE CORPORATION,<br><br>Defendants. | No. 2:18-cv-0608 JAM DB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs, Keith J. Ponthieux, Chris Duenas, and Maria Duenas, are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendant Aztec Foreclosure Corporation's, ("Aztec"), motion for summary judgment. (ECF No. 80.) For the reasons stated below, the undersigned recommends that the motion for summary judgment be denied without prejudice to renewal.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on March 21, 2018, by filing a complaint and paying the required filing fee. (ECF No. 1.) Plaintiffs are proceeding on a third amended complaint filed on April 7, 2020. (ECF No. 54.) The third amended complaint alleges that on September 18, 2006, plaintiffs Chris Duenas and Maria Duenas "entered into a consumer

1

loan transaction" with Countrywide Bank to purchase real property located in Benicia, CA. (Third Am. Compl. (ECF No. 54) at 8-9.[1])

In the fall of 2009, "financial hardship" caused plaintiffs Chris and Maria Duenas to "fall behind" on their payment obligation. (Id. at 10.) "Plaintiffs last made a payment in November of 2009[.]" (Id.) On October 28, 2011, Mortgage Electronic Registration Systems, Inc., executed an assignment of the real property's Deed of Trust to Bank of New York Mellon. (Id.) On July 29, 2013, an assignment of Deed of Trust "was executed by Bank of America" and not Bank of New York Mellon. (Id. at 11.) This assignment transferred all "interest in the Deed of Trust, but not the Note," to defendant Nationstar Mortgage, LLC ("Nationstar"). (Id.)

On December 24, 2013, Chris and Maria Duenas "transferred their vested interest in their Property to Plaintiff" Keith Ponthieux via "Quit Claim deed." (Id. at 10.) On March 12, 2014, plaintiffs received a Notice of Servicing Transfer, stating that effective April 1, 2014, Nationstar would begin servicing plaintiffs' loan. (Id. at 12.) On December 21, 2017, "[d]efendants . . . recorded . . . a Substitution of Trustee . . . that attempted to substitute Defendant AZTEC as the new 'foreclosing trustee.'" (Id. at 13.) That same day defendants recorded a Notice of Default due to plaintiffs' "failure to make a payment on the debt obligation[.]" (Id. at 14.)

Pursuant to these allegations, the third amended complaint alleged causes of action for violation of the Fair Debt Collections Practices Act ("FDCPA"), California's Rosenthal Fair Debt Collections Practices Act, California Civil Code §§ 2924(a)(6), 2924.17, 2934a(a)(1)(A)(C)(D), California Business and Professions Code § 17200, *et seq.*, and for the intentional infliction of emotional distress. (Id. at 16-32.)

Defendant Nationstar filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on April 21, 2020. (ECF No. 55.) Defendant Aztec joined in Nationstar's motion to dismiss on April 22, 2020. (ECF No. 58.) On January 1, 2021, the undersigned issued findings and recommendations recommending that the motion to dismiss be granted as to the third amended complaint's claim for the intentional infliction of emotional

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

distress but denied in all other respects. (ECF No. 64 at 12.) The findings and recommendations were adopted in full by the assigned District Judge on March 22, 2021. (ECF No. 66.)

Defendant Aztec filed an answer on April 1, 2021. (ECF No. 67.) On August 13, 2021, defendant Aztec filed the pending motion for summary judgment. (ECF No. 80.) Plaintiffs filed an opposition on September 10, 2021. (ECF No. 81.) The motion was taken under submission on September 20, 2021. (ECF No. 83.)

## DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

Defendant's statement of undisputed facts is supported by citation to the declaration of defendant's officer Kari Sheehan, and to plaintiffs' third amended complaint. (Decl. Sheenan (ECF No. 80-1) at 1-4.) Defendant's statement establishes that the property which is the subject of this litigation is located at 394 Paul Court, Benicia CA 94510. Defendant's Substitution of Trustee was recorded on December 21, 2017. Defendant recorded a Notice of Default that same day. Defendant recorded a Notice of Trustee's Sale on March 21, 2018. (Def.'s SUDF (ECF No. 80-2) 1-4.[2])

## PLAINTIFFS' OPPOSITION

Local Rule 260(b) requires a party opposing summary judgment to (1) reproduce each fact enumerated in the moving party's statement of undisputed facts and (2) expressly admit or deny each fact. Under that provision the party opposing summary judgment is also required to cite evidence in support of each denial. Here, plaintiffs have reproduced defendant's enumerated facts and do "not dispute" the asserted facts but instead "dispute the contents, truthfulness and accuracy" of the recorded documents. (Pls.' SUDF (ECF No. 82) at 2.)

## STANDARDS

**I.    Summary Judgement**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation,

---
[2] Citations here are to defendants' specific numbered undisputed fact asserted.

627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

4

genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party."  Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011).  It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

**ANALYSIS**

Defendant's motion for summary judgment acknowledges that in this action the "remaining causes of action against AZTEC are: (1) Violation of 15 U.S.C.§§1692, *et seq*, 1692f(6); (2) Violation of California Fair Debt Collection Practices Act ("Rosenthal Act") Act – Civil Code §1788, *et seq.* ; (3) Violation of §§2934a(a)(1)(A)(C); and (4) Violation of California Business & Professions Code §17200, *et seq.*"  (Def.'s MSJ (ECF No. 80) at 2.)  Defendant argues that it is entitled to summary judgment as to the entire complaint because "nowhere in the factual allegations of Plaintiffs' operative complaint, do they identify any actions taken by AZTEC that are outside of AZTEC's statutorily-protected duties as trustee."  (Id. at 4.)  In this regard, defendant Aztec argues that "Defendant Nationstar . . . had the authority to execute

the Notice of Default as beneficiary under the Deed of Trust" and, therefore, "AZTEC as its agent was also authorized to do so." (Id. at 5.)

The undersigned examined the remaining claims in this action in evaluating defendants' motion to dismiss. See Ponthieux v. Nationstar Mortgage, LLC, No. 2:18-cv-0608 JAM DB PS, 2021 WL 211252, (E.D. Cal. Jan. 1, 2021). In doing so, the undersigned noted that 15 U.S.C. § 1692f(6) of the FDCPA specifically prohibits:

> [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

(Id.)

The third amended complaint alleges that the defendants were "threatening to proceed with a nonjudicial foreclosure action . . . when they have no present right" to do so. (Third Am. Compl. (ECF No. 54) at 18.) "Such conduct is exactly what Section 1692f(6) protects borrowers against." Dowers, 852 F.3d at 971. See generally Shelton v. Ocwen Loan Servicing, LLC, Case No.: 18-cv-2467 AJB WVG, 2019 WL 4747669, at *14 (S.D. Cal. Sept. 30, 2019) (finding allegations plaintiffs "settled and extinguished the underlying debt and the Loan . . . . sufficient to state a plausible violation under section 1692f of the FDCPA.").

The undersigned also explained that "[t]he Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012). "[W]hether [conduct] violates the Rosenthal Act turns on whether it violates the FDCPA." Id. Thus, "any conduct by a debt collector which violates the federal FDCPA necessarily violates the California FDCPA as well." Robinson v. Managed Accounts Receivables Corp., 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009).

The undersigned went on to examine plaintiffs' claims pursuant to California Civil Code § 2934(a)(1), California Civil Code §§ 2929.17 & 2924(a)(6) pursuant to the California Homeowner Bill of Rights ("HBOR"), and California's Unfair Competition Law, ("UCL),

Business & Professions Code § 17200, *et seq*. Ponthieux, 2021 WL 211252, at *5-7. Ultimately the undersigned recommended that defendants' motion to dismiss these claims be denied.

That recommendation was based, in part, on evidence presented by the parties. In this regard, defendants sought judicial notice of an Assignment of Deed of Trust recorded in Solano County on November 8, 2011, assigning a Deed of Trust from Mortgage Electronic Registration Systems ("MERS") to the Bank of New York Mellon ("BoNYM") as Trustee. (Defs.' RJN (ECF No. 56) at 29-30.[3]) Plaintiffs, however, provided a copy of an Assignment of a Deed of Trust recorded on August 15, 2013, in Solano County assigning the Deed of Trust from BANA to defendant Nationstar. (Third Am. Compl. (ECF No. 54) at 56.) This assignment purported to grant Nationstar "all beneficial interest under" the Deed of Trust. (Id.)

In short, the parties presented evidence that appeared "to show that two different entities . . . each transferred the Deed of Trust to plaintiffs' property to two different entities," which is consistent with the third amended complaint's allegations that the defendants are attempting to foreclose on plaintiffs' property without the legal right to do so. Ponthieux, 2021 WL 211252, at *5. Defendant Atztec has yet again failed to address this evidence. See generally Dimock v. Emerald Properties LLC, 81 Cal.App.4th 868, 876 (2000) ("there simply cannot be at any given time more than one person with the power to conduct a sale under a deed of trust").

Moreover, aside from an introduction and setting forth the legal standard, defendant's motion for summary judgment is essentially just four pages. Those pages are not supported by citation to any federal statutes or federal case law. And, as stated above, the motion is supported by just four statements of undisputed material fact, which themselves are supported only by citation to a declaration and the third amended complaint. (ECF No. 80-2.)

## CONCLUSION

While the undersigned appreciates concise briefing, defendant's motion for summary judgement is inadequately supported by argument, legal authority, and evidence. In this regard,

---

[3] "Judicial notice is appropriate for records and 'reports of administrative bodies.'" United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1954)).

7

the motion fails to address relevant issues and evidence before the court as explained above. Under these circumstances the undersigned cannot find that the defendant has met the burden of establishing "the absence of a genuine issue of material fact." In re Oracle, 627 F.3d at 387.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's August 13, 2021 motion for summary judgment (ECF No. 80) be denied without prejudice to renewal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 3, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ponthieux0608.msj.f&rs