UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH J. PONTHIEUX, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC;<br>AZTEC FORECLOSURE<br>CORPORATION,<br><br>Defendants. | No. 2:18-cv-0608 TLN DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs, Keith J. Ponthieux, Chris Duenas, and Maria Duenas, are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendant Nationstar Mortgage, LLC's ("Nationstar"), motion for summary judgment and plaintiffs' motion for summary judgment. (ECF Nos. 91 & 92.) For the reasons stated below, the undersigned recommends that defendant's motion for summary judgment be granted and plaintiffs' motion for summary judgment be denied.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on March 21, 2018, by filing a complaint and paying the required filing fee. (ECF No. 1.) Plaintiffs are proceeding on a third amended complaint filed on April 7, 2020. (ECF No. 54.) The third amended complaint alleges

1  that on September 18, 2006, plaintiffs Chris Duenas and Maria Duenas "entered into a consumer
2  loan transaction" with Countrywide Bank to purchase real property located in Benicia, CA.
3  (Third Am. Compl. (ECF No. 54) at 8-9.[1])

4  In the fall of 2009, "financial hardship" caused plaintiffs Chris and Maria Duenas to "fall
5  behind" on their payment obligation. (Id. at 10.) "Plaintiffs last made a payment in November of
6  2009[.]" (Id.) On October 28, 2011, Mortgage Electronic Registration Systems, Inc., executed an
7  assignment of the real property's Deed of Trust to Bank of New York Mellon. (Id.) On July 29,
8  2013, an assignment of Deed of Trust "was executed by Bank of America" and not Bank of New
9  York Mellon. (Id. at 11.) This assignment transferred all "interest in the Deed of Trust, but not
10 the Note," to defendant Nationstar. (Id.)

11 On December 24, 2013, Chris and Maria Duenas "transferred their vested interest in their
12 Property to Plaintiff" Keith Ponthieux via "Quit Claim deed." (Id. at 10.) On March 12, 2014,
13 plaintiffs received a Notice of Servicing Transfer, stating that effective April 1, 2014, defendant
14 Nationstar would begin servicing plaintiffs' loan. (Id. at 12.) On December 21, 2017,
15 "[d]efendants . . . recorded . . . a Substitution of Trustee . . . that attempted to substitute Defendant
16 AZTEC as the new 'foreclosing trustee.'" (Id. at 13.) That same day defendants recorded a
17 Notice of Default due to plaintiffs' "failure to make a payment on the debt obligation[.]" (Id. at
18 14.)

19 Pursuant to these allegations the third amended complaint alleged causes of action for
20 violation of the Fair Debt Collections Practices Act ("FDCPA"), California's Rosenthal Fair Debt
21 Collections Practices Act, California Civil Code §§ 2924(a)(6), 2924.17, 2934a(a)(1)(A)(C)(D),
22 California Business and Professions Code § 17200, *et seq.*, and for the intentional infliction of
23 emotional distress.[2] (Id. at 16-32.)
24 ////
25

---

26 [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.
27

28 [2] "Plaintiffs' causes of action in the [third amended complaint] do not include a wrongful foreclosure claim." (Pls.' Opp.'n (ECF No. 94) at 18.)

2

Defendant Nationstar filed a motion to dismiss on April 21, 2020.  (ECF No. 55.)  Defendant Aztec Foreclosure Corporation ("Aztec") joined in Nationstar's motion to dismiss on April 22, 2020.  (ECF No. 58.)  On January 1, 2021, the undersigned issued findings and recommendations recommending that the motion to dismiss be granted as to the third amended complaint's claim for the intentional infliction of emotional distress but denied in all other respects.  (ECF No. 64 at 12.)  The findings and recommendations were adopted in full by the assigned District Judge on March 22, 2021, and the third amended complaint's claim for the intentional infliction of emotional distress was dismissed without further leave to amend.  (ECF No. 66.)

On February 18, 2022, defendant Nationstar filed the pending motion for summary judgment.  (ECF No. 91.)  Plaintiffs filed a motion for summary judgment on February 24, 2022.  (ECF No. 92.)  Defendant Aztec filed an opposition to plaintiffs' motion for summary judgment on March 4, 2022.  (ECF No. 93.)  That same day plaintiffs filed an opposition to Nationstar's motion for summary judgment.  (ECF No. 95.)  On March 14, 2022, defendant Nationstar filed a reply to plaintiffs' opposition as well as an opposition to plaintiffs' motion for summary judgment.  (ECF Nos. 95 & 96.)  Defendant Nationstar's motion was taken under submission on March 15, 2022.  (ECF No. 98.)  Plaintiffs filed a reply on March 18, 2022.  (ECF No. 100.)  Plaintiffs' motion was taken under submission on March 22, 2022.  (ECF No. 101.)

**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

Defendant's statement of undisputed facts is supported by citation to plaintiffs' third amended complaint, a declaration, and exhibits.  (ECF No. 91-1.)  Defendant's statement establishes, in relevant part, the following.

On September 14, 2006, plaintiffs Chris Duenas and Maria Duenas ("the Borrowers") obtained a $569,600.00 loan from Countrywide Bank, N.A., which was secured by a deed of trust ("DOT") for real property located at 394 Paul Court, Benicia, California 94510.  The DOT identifies Countrywide Bank, N.A., as the lender, Chris Duenas and Maria Duenas as Borrowers, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary "solely as nominee for lender and its successors and assigns."  MERS assigned its beneficial interest under the DOT

to The Bank of New York Mellon, as Trustee for the Holders of Structured Asset Mortgage Investments II Trust 2006-AR8 ("BoNYM") in an assignment of deed of trust recorded on November 8, 2011. (Def.'s SUDF (ECF No. 91-1) 2-3.[3])

On August 15, 2013, a document was recorded purporting to assign the deed of trust from Bank of America, N.A. ("BANA"), to Nationstar. BANA, however, was not the beneficiary under the DOT. Instead BoNYM remained the beneficiary pursuant to the DOT recorded November 8, 2011. (Def.'s SUDF (ECF No. 91-1) 4-6.)

Borrowers defaulted on their loan in November 2009, and have not cured the default since. Borrowers filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California on March 28, 2012. On July 16, 2012, borrowers were granted a discharge under 11 U.S.C. § 727. (Def.'s SUDF (ECF No. 91-1) 7, 8, 10.)

Defendant Nationstar began servicing the Loan in April of 2014. In December of 2017, Nationstar as attorney in-fact for DOT beneficiary BoNYM executed a substitution of trustee substituting defendant Aztec as the new trustee under the DOT. On December 21, 2017, Aztec recorded a notice of default and election to sell under deed of trust. (Def.'s SUDF (ECF No. 91-1) 19, 23-25.)

On February 7, 2019, Aztec received a fax correspondence from plaintiff Keith J. Ponthieux providing notice of a new bankruptcy filing. A grant deed executed by Keith Ponthieux before a notary public on February 28, 2018, was attached to this notice. The grant deed purported to transfer 15% interest in the Property to debtor Keyhan Mohanna. Nationstar postponed the foreclosure due to this notice. To date, the property has not been sold at a non-judicial foreclosure sale. The Loan is due for the December 2009 payment. (Def.'s SUDF (ECF No. 91-1) 26, 29-33.)

## PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

Plaintiffs' statement of undisputed facts is supported by citation to exhibits. (ECF No. 92-2.) Plaintiffs' statement reiterates several of the same undisputed facts asserted by defendant's

---

[3] Citations here are to defendant's specific numbered undisputed fact asserted.

4

statement.[4]  In this regard, the parties agree that on September 18, 2006, plaintiffs Chris Duenas and Maria Duenas obtained a loan for the subject property from Countrywide Bank, N.A.  MERS was the beneficiary under the Deed of Trust.  Plaintiffs defaulted on the loan as of December 1, 2009.  In 2011, the DOT was assigned from MERS to BoNYM.  Thereafter, a second assignment was recorded purportedly transferring the DOT from BANA to defendant Nationstar.  At the time of the second assignment, however, BANA had no interest in the DOT.[5]  (Pls.' SUDF (ECF No. 92-2) 1, 3, 5-7.)

## THE OPPOSITIONS

Local Rule 260(b) requires a party opposing summary judgment to (1) reproduce each fact enumerated in the moving party's statement of undisputed facts and (2) expressly admit or deny each fact.  Under that provision the party opposing summary judgment is also required to cite evidence in support of each denial.

Here, defendant has submitted an opposition that complies with Local Rule 260(b).  (ECF No. 95-2.)  Plaintiffs' opposition reproduces defendant's enumerated facts and expressly admits or denies each fact.  However, plaintiffs have not cited to evidence in support of each denial.  (Pls.' Opp.'n (ECF No. 94-2) at 1-34.)  Rather than recreate each opposition, the undersigned has reviewed the filings and will discuss the relevant denials, if any, in analyzing the cross-motions motion for summary judgment.

## STANDARDS

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

---

[4] Both parties also attempt to assert as "undisputed facts" statements which are obviously assertions of argument.  Those assertions have not been reproduced above.

[5] As explained below, the parties agree that at the time of this second assignment BANA had no interest in the DOT.  And there is no evidence before the undersigned to dispute that agreed upon fact.

5

The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B).

Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

1 party. See Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

2 In the endeavor to establish the existence of a factual dispute, the opposing party need not
3 establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
4 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
5 trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
6 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
7 Matsushita, 475 U.S. at 587 (citations omitted).

8 "In evaluating the evidence to determine whether there is a genuine issue of fact," the
9 court draws "all reasonable inferences supported by the evidence in favor of the non-moving
10 party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is
11 the opposing party's obligation to produce a factual predicate from which the inference may be
12 drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
13 *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing
14 party "must do more than simply show that there is some metaphysical doubt as to the material
15 facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the
16 nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation
17 omitted).

## ANALYSIS

19 From the commencement of this action the facts at issue have been, somewhat, unusual.
20 However, after providing the parties an adequate time for discovery, the parties' briefing and
21 undisputed evidence before the undersigned establishes the following.

22 **I.     Plaintiff Keith Ponthieux**

23 In 2006 plaintiffs Chris Duenas and Maria Duenas secured a loan to purchase the property
24 at issue. (Pls.' SUDF (EF No. 94-2) at 2.) Plaintiff Keith Ponthieux was not a party to that
25 transaction. (Id.) Ponthieux's purported interest, instead, stems from a December 30, 2013
26 quitclaim deed from plaintiffs Chris Duenas and Maria Duenas, years after Chris and Maria
27 Duenas defaulted on their loan and after they were granted a bankruptcy discharge. (Pls.' SUDF
28 (EF No. 94-2) at 7, 11, 13.)

Moreover, on February 7, 2014, plaintiff Ponthieux filed a complaint in this court concerning the subject property and naming as defendants BANA, BoNYM, Specialized Loan Servicing LLC, and MERS.[6] The "gravamen of plaintiff's complaint [was] that defendants have no interest in the subject property and therefore may not seek to foreclose on the subject property because the . . . 2011 assignment of the deed of trust from MERS to [BoNYM] was invalid."[7] Ponthieux v. Bank of America, No. 2:14-cv-0412 KJM EFB PS, 2015 WL 673805, at *2 (E.D. Cal. Feb. 17, 2015). Ponthieux's complaint was dismissed without leave to amend due to plaintiff's lack of standing to challenge the assignment. Id. at *4. That decision was affirmed on appeal by the Ninth Circuit. See Ponthieux v. Bank of America, 695 Fed. Appx. 323, 324 (9th Cir. 2017).

In this regard, even if there were a dispute of material fact—and as explained below the undersigned finds there is not—it appears that plaintiff Ponthieux lacks standing but is also collaterally estopped from bringing any claim already litigated. See Roche Palo Alto LLC v. Apotex, Inc., 526 F.Supp.2d 985, 994 (N.D. Cal. 2007) ("Issue preclusion (sometimes called collateral estoppel) bars relitigation of issues adjudicated in an earlier proceeding").

## II.  Borrowers' Bankruptcy

It is undisputed that plaintiffs Chris Duenas and Maria Duenas filed for bankruptcy on March 28, 2012, and received a bankruptcy discharge on July 16, 2012. (Pls.' SUDF (ECF No. 94-2) at 8, 11.) "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in

---

[6] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

[7] The complaint in that action also reflects that plaintiff Ponthieux was aware of the August 2013 second, erroneous, assignment recorded by BANA. Ponthieux, 2015 WL 673805, at *1.

the position formerly taken by him." Davis v. Wakelee, 156 U.S. 680, 689 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 227, n.8 (2000).

"In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." Ah Quin v. County of Kauai Dept. of Transp., 733 F.3d 267, 271 (9th Cir. 2013). "Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." Comer v. Micro, Inc., 436 F.3d 1098, 1101 (9th Cir. 2006).

It is true that the borrowers are not precluded from pursuing causes of action based on wrongful conduct that occurred after they filed for bankruptcy. See Diaz v. Nationstar Mortgage LLC, Case No. 17cv1607-MMA (BGS), 2018 WL 1071699, at *5 (S.D. Cal. Feb. 27, 2018) ("However, because Nationstar acquired the servicing of Plaintiff's debt on June 16, 2017, and Plaintiff's Complaint alleges wrongdoing after Nationstar acquired the servicing of Plaintiff's debt, Plaintiff could not have asserted a cause of action against Nationstar in 2013. Thus, the 2013 bankruptcy cannot form the basis for invoking judicial estoppel."). However, "[c]auses of action that exist prior to a bankruptcy filing become assets of the bankruptcy estate." Coble v. DeRosia, 823 F.Supp.2d 1048, 1051 (E.D. Cal. 2011).

Accordingly, even if there were a dispute of material fact—and as explained below the undersigned finds there is not—the borrowers would not be able to assert a cause of action based on alleged wrongful conduct that occurred prior to March 28, 2012.

**III.     Fair Debt Collection Practices Act**

The fist cause of action asserted in the third amended complaint is that the defendants violated 15 U.S.C. § 1692(f)(6) of the FDCPA. (Third Am. Compl. (ECF No. 54) at 16.) 15 U.S.C. § 1692f(6) of the FDCPA specifically prohibits:

////

////

> [t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

(Id.) Thus, § 1692f(6) "regulates nonjudicial foreclosure activity." Dowers v. Nationstar Mortgage, LLC, 852 F.3d 964, 971 (9th Cir. 2017); see also Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 1036 (2019) ("No one here disputes that McCarthy is, by virtue of its role enforcing security interests, at least subject to the specific prohibitions contained in § 1692f(6)."); Petrovich v. Ocwen Loan Servicing, LLC, 716 Fed. Appx. 614, 617 (9th Cir. 2017) ("Section 1692f(6) of the FDCPA does regulate nonjudicial foreclosure activity"); Vien–Phuong Thi Ho v. ReconTrust Company, NA, 858 F.3d 568, 573 (9th Cir. 2017) ("section 1692f(6) would protect a consumer against the abusive practices of a security enforcer who does not fit the broader definition of a debt collector").

Here, plaintiffs have alleged that the defendants are "threatening to proceed with a nonjudicial foreclosure action . . . when they have no present right" to do so. (Third Am. Compl. (ECF No. 54) at 18.) However, the evidence before the undersigned establishes that on November 8, 2011, MERS assigned the DOT for the subject property to BoNYM. (Defs.' RJN (ECF No. 91-4) at 30.[8]) BoNYM, thereafter, established defendants Nationstar and Aztec as the loan servicer and trustee of the DOT. (Id. at 172-77.) As a result of plaintiffs' failure to pay, defendants initiated a non-judicial foreclosure as allowed by California law. See Lane v. Vitek Real Estate Industries Group, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) ("the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure").

Plaintiffs argue that "MERS could not have transferred any interest . . . because it was not a party to the Note[.]" (Pls.' MSJ (ECF No. 92) at 17.) The September 25, 2006 DOT, however,

---

[8] "Judicial notice is appropriate for records and 'reports of administrative bodies.'" United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1954)).

1 identifies MERS as "the beneficiary under this Security Instrument." (Defs.' RJN (ECF No. 91-4) at 7.) As such, MERS had the authority to assign the DOT. See Bever v. Cal-Western Reconveyance Corp., No. 1:11-CV-1584 AWI SKO, 2013 WL 5492154, at *8 (E.D. Cal. Oct. 2, 2013) ("the deed of trust identifies MERS as the beneficiary and confers upon MERS the ability to assign or transfer its beneficial interest").

As the parties are no doubt aware, in a second assignment recorded on August 15, 2013, BANA purported to transfer the DOT a second time—this time to defendant Nationstar. (Defs.' RJN (ECF No. 91-4) at 33.) The apparent erroneous nature of that assignment has been central to this action from the outset and significantly influenced the undersigned's recommendation that this action proceed past the pleading stage to discovery. (ECF No. 64 at 8.)

However, the evidence before the undersigned is now clear. On November 8, 2011, MERS assigned the DOT to BoNYM. (Defs.' RJN (ECF No. 91-4) at 30.) Then on August 15, 2013, BANA recorded a second assignment of the DOT, purporting to assign the DOT to defendant Nationstar. (Id. at 33.) This second assignment, however, was erroneous and void, as BANA had nothing to assign because interest in the DOT belonged to BoNYM. See Hill v. U.S. Bank, N.A., Case No. EDCV 19-110 JGB (SPx), 2019 WL 3240107, at *7 (C.D. Cal. Apr. 24, 2019) ("Where an entity holding no interest in a note purports to sell that interest to another, the assignment is void, not merely voidable, because there was no interest to assign.").

Surprisingly, such erroneous conduct is not unheard of. See Sciarratta v. U.S. Bank National Assn., 247 Cal.App.4th 552, 564 (2016) ("Chase, having assigned 'all beneficial interest' in Sciarratta's notes and deed of trust to Deutsche Bank in April 2009, could not assign again the same interests to Bank of America in November 2009"). The undersigned understands and shares plaintiffs' concerns about the erroneous 2013 assignment. But the conduct of BANA is not before the undersigned. What is before the undersigned is evidence that the defendants have lawfully instituted a non-judicial foreclosure. And plaintiffs have offered nothing to dispute that evidence.

////

////

1    Accordingly, the undersigned recommends that defendant's motion for summary
2 judgment be granted as to this claim.

3  **III.   California's Rosenthal Act**

4    The second cause of action asserted in the third amended complaint is a claim that the
5 defendants violated California's Rosenthal Act. (Third Am. Compl. (ECF No. 54) at 20.)
6 "California has adopted a state version of the FDCPA, called the Rosenthal Act." Riggs v. Prober
7 & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012); see also Cal. Civ. Code § 1788 *et seq*. "The
8 Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes
9 available the FDCPA's remedies for violations." Riggs, 681 F.3d at 1100. "[W]hether [conduct]
10 violates the Rosenthal Act turns on whether it violates the FDCPA." Id. Thus, "any conduct by a
11 debt collector which violates the federal FDCPA necessarily violates the California FDCPA as
12 well." Robinson v. Managed Accounts Receivables Corp., 654 F.Supp.2d 1051, 1060 (C.D. Cal.
13 2009).

14    Having found that defendant's motion for summary judgment as to the FDCPA claim
15 should be granted the undersigned also finds that defendant's motion for summary judgment
16 should be granted as to this claim.

17  **IV.   California Civil Code § 2934a**

18    Next, the third amended complaint alleges that the defendants violated California Civil
19 Code § 2934(a)(1) by improperly recording a substitution of trustee. (Third Am. Compl. (ECF
20 No. 54) at 27.) "Under California's comprehensive statutory scheme governing non-judicial
21 foreclosure sales, the foreclosure process may be conducted by the 'trustee, mortgagee, or
22 beneficiary, or any of their authorized agents[.]'" Hull v. Deutsche Bank National Trust
23 Company, Case No. CV 11-1095 GAF (JCGx), 2011 WL 13220225, at *3 (C.D. Cal. Mar. 8,
24 2011) (quoting Cal. Civ. Code § 2924(a)(1)). "Section 2934a requires that, in order for a trustee
25 to be substituted, the beneficiary or the beneficiary's agent must record the substitution." Chan
26 Tang v. Bank of America, N.A., No. SACV 11-2048 DOC (DTBx), 2012 WL 960373, at *10
27 (C.D. Cal. Mar. 19, 2012).
28 ////

Here, the evidence before the undersigned establishes that defendant Nationstar as attorney-in-fact for beneficiary BoNYM lawfully recorded a substitution of trustee on December 12, 2017, substituting defendant Aztec as the successor trustee. (Def.'s RJN (ECF No. 91-4) at 172-73.) Accordingly, the undersigned recommends that defendant's motion for summary judgment be granted as to this claim.

**IV.    Cal. Civ. Code §§ 2924.17, 2924(a)(6)**

The third amended complaint also alleges defendants violated the above two provisions of the California Homeowner Bill of Rights ("HBOR"). (Third Am. Compl. (ECF No. 54) at 28.) "Section 2924.17 provides that before recording or filing a notice of default (NOD), a notice of sale (NOS), as well as other specified documents, 'a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.'" Penermon v. Wells Fargo Bank, N.A., 47 F.Supp.3d 982, 997 (N.D. Cal. 2014) (quoting Cal. Civ. Code § 2924.17(b)). § 2924(a)(6) provides:

> An entity shall not record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. An agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust shall not record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

Here, as explained above the undisputed evidence fails to show a violation of either § 2924.17 or § 2924(a)(6). The undersigned, therefore, also recommends that defendant's motion for summary judgment be granted as to this claim.

**VI.    § 17200**

The third amended complaint's fifth cause of actions asserts a claim pursuant to California's Unfair Competition Law, Business & Professions Code § 17200, *et seq*. (Third Am. Compl. (ECF No. 54) at 29-31.) California's Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. §

13

17200 incorporates other laws and treats a violation of those laws as an unlawful business practice independently actionable under California state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). "In order to state a claim for a violation of [§ 17200], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." Levine v. Blue Shield of California, 189 Cal.App.4th 1117, 1136 (2010). Moreover, "[t]o state a claim for an 'unlawful' business practice under the UCL, a plaintiff must assert the violation of some other law." Welenco, Inc. v. Corbell, 126 F.Supp.3d 1154, 1178 (E.D. Cal. 2015).

Here, the undersigned has found that defendant is entitled to summary judgment on all other claims found in the third amended complaint. Accordingly, the undersigned finds that defendant's motion for summary judgment should also be granted as to this claim. see also Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1190 (N.D. Cal. 2009) ("[S]ince the court has dismissed all of Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practices prong of the UCL.").

## CONCLUSION

Given the evidence presented by the parties on summary judgment, there does not appear to be even a scintilla of evidence that the defendant engaged in wrongful conduct as alleged. See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact" precluding summary judgment); Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997) ("a mere scintilla of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some significant probative evidence tending to support the complaint").

In the absence of any evidence of a disputed issue of material fact regarding plaintiffs' claims, the undersigned finds that the defendants are entitled to summary judgment in their favor on all of the claims remaining in the third amended complaint.[9] After adequate time for

---

[9] Although defendant Aztec has not moved for summary judgment "'when there has been no cross-motion for summary judgment, a district court may enter summary judgment sua sponte

14

discovery, plaintiffs have failed to make a showing sufficient to establish the existence of any disputed issue of fact regarding elements essential to plaintiffs' claims and on which plaintiffs would bear the burden of proof at trial.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Nationstar's February 18, 2022 motion for summary judgment (ECF No. 91) be granted;

2. Plaintiff's February 24, 2022 motion for summary judgment (ECF No. 92) be denied;

3. Judgment be entered for defendants Nationstar and Aztec; and

4. This action be closed.

Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 9, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ponthieux0608.msj2.f&rs

---

against a moving party if the losing party has had a full and fair opportunity to ventilate the issues involved in the matter.'" Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 553 (9th Cir. 2003) (quoting Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982)).